### No. 15.

**HALL, ADMINISTRATOR OF SHIRTLIFF *against* MOTT.**
*Franklin*, 1820.

WHERE, upon a written contract, this endorsement is made, "by agreement of parties this contract is satisfied," parol evidence is admissible to prove the consideration of the endorsement.

2. In case of a special written contract, and money advanced upon it, and the promissee claims damages, both on the ground of the non-performance, and of the money advanced, the parties may submit the special damages to arbitration, distinct from the money advanced.

3. After an award on such submission, the promissee may maintain an action for the money advanced alone.

THIS was an action of assumpsit, for money had and received, and money paid. Plea, non assumpsit.

The plaintiff, in support of his declaration, offered a witness to prove that Alexander Scott left with the witness, as his attorney, certain receipts of the tenor following:

"Received, Montreal, February 5, 1810, from Mr. Oliver Shirtliff, sixty-eight pounds one shilling and nine pence, on

L

account of a contract of ten thousand Staves, to be delivered in Quebec, &c. Signed,

"JOSEPH MOTT."

"*Ormestown, March* 21, 1810.

"Received of *Oliver Shirtliff*, on a contract between said Shirtliff and myself, fifty pounds, Halifax currency, which I, on my part, am to fulfil according to the tenor of said contract.

"JOSEPH MOTT."

And that the receipts had been lost ; objection by defendant, and objection over-ruled by the Judge. Witness proved the above facts ; and plaintiff farther proved that Mott had acknowledged that he executed receipts of that tenor to Shirtliff.

The defendant then produced an agreement, made between *Mott & Shirtliff*, of the following tenor ; (the agreement was to deliver a quantity of lumber at Quebec, in the month of June, 1810, at a stipulated price ;) on which agreemant was endorsed as follows :

"*Alburgh, Sept.* 20, 1810.

"By agreement of parties, this contract is satisfied.
"Signed,

"JOSEPH MOTT,
"OLIVER SHIRTLIFF."

This agreement and endorsement was admitted by the plaintiff ; and it was also admitted, that the money, advanced by Shirtliff to Mott, as specified in said receipts, was advanced on said contract.

The plaintiff then offered to prove, by parol, that Shirtliff had heretofore commenced two actions against said Mott, one on the contract, to recover damages of Mott, for the non-performance of the contract ; the other to recover back the money advanced, mentioned in said receipts. That Shirtliff and Mott, pending those actions, agreed to submit to arbitrators the action commenced to recover damages for the non-performance of the contract, and did submit, and the arbitrators made an award, that said Mott should pay to Shirtliff, as damages for the non-performance of said contract, the sum of $98,00 ; that

Mott and Shirtliff acquiesced in the award, and Mott paid the sum of $98,00 to Shirtliff, and that said endorsement was made in consideration of said award, which evidence was admitted. The above mentioned suits were not prosecuted to final judg-' ment, but were withdrawn.

The plaintiff offered to prove further, by *parol*, that at the time of making the submission, as aforesaid, the subject of the money advanced, as specified in the receipts, was not submit-ted, but *expressly* excepted in making the submission, and the only question submitted to arbitration, was, the subject of dam-ages or penalty for the non-performance of the contract; and further, to prove, that Mott practised fraud in obtaining the submission. To this evidence the defendant objected, and in-sisted that the submission embraced the whole subject matter of the contract, and that the award operated as an extinguish-ment of the whole contract, and consequently of plaintiff's right of action.

The Judge decided that plaintiff might prove, that the de-fendant practised fraud in obtaining the submission, and that the receipts, which were the ground of the present action, were *expressly* excepted out of the submission, by the parties, at the time of making the submission.

The plaintiff introduced evidence tending to show that the receipts were *expressly* excepted out of the submission ; and also that defendant intimated, after the award was made and published, that it would cut off the receipts.

Verdict for plaintiff. Exceptions by defendant, &c.

For defendant *Aldis* and *Turner* insisted :

1. That the lumber contract between Shirtliff and Mott, by the writing on the back of it, signed by Shirtliff and Mott, is completely discharged ; the object and tendency of the above evidence was to destroy that discharge, by shewing that the damages, paid to Shirtliff for the non-performance of the con-tract, did not include damages that Shirtliff had sustained for money advanced on the contract, and therefore, that the fore-going writing, on the back of the contract, was not designed

as a complete, but only a partial discharge of the contract; this parol evidence contradicts the written discharge, and is not admissible. 3 Wills. 275. 2 Bla. Rep. 1249. Stra. 794, 1261. 5 Coke 27.

2. That an action of assumpsit will not lie to recover money advanced on a special contract, unless the contract has been rescinded *in toto*, and the parties placed in statu quo. If the contract has not been performed in whole or in part, the party may either rescind the contract, and recover the money advanced, or sue on the contract and recover damages for the non-performance; the party may take *either* remedy at his election, but he cannot have *both*. 1 Esp. 267. 1 Term. 133, Tower v. Barnett. 1 Doug. 23. Cow. 818. 7 Term. 181. 5 East. 451.

3. The award in this case was a satisfaction of the contract, and all claims under the contract, the plaintiff recovered and received damages, and he can have no other claim.

*Contra. Wetmore* and *Swift*—That parol evidence is admissible, to shew the consideration of the endorsment, on the back of the contract, and that the receipts were *expressly* excepted out of the submission. 3 Term. 474.

That a submission may be general, comprehending all matters in dispute, or special, including only some particular matter in dispute. Jac. L. D. Title Awards.

Opinion of the Court. It does not appear there was any evidence of fraud in obtaining the submission.

The endorsement on the contract does not express the consideration for making it; it was open to parol evidence to prove such consideration; when this was proved, the agreement endorsed might be limited in its effects, by the consideration on which it was made.

2. Admit the principles advanced by the defendant, that money advanced upon a special contract, is identified with the contract, that the party can have but one remedy, either for damages for non-performance, or action for the money advanced, on a total abandonment of the contract; and, that damages recovered in a suit at law, in the ordinary course,

would include money advanced, as well as special damages. Yet the plaintiff had a right to recover damages on two distinct grounds. One on account of the money advanced; the other such damages for the breach of the contract simply as he would have been entitled to, had no money been advanced. It was in the power of the parties to separate these claims, distinct in fact though connected in law; the amount of money advanced might be an admitted claim, and no dispute as to the amount, the damages distinct from the money advanced, might be a subject of dispute, and the parties could submit to arbitration the subject of damages arising from non-performance alone, and *expressly* leave the claim for money advanced as a distinct debt. Where the parties had thus, by *express agreement*, separated the two claims, each might be the foundation of an action, distinct from the other, one for the money, the other for the sum awarded, on the award.

3. The award derived its validity and effect wholly from the submission which was by parol, no other than parol evidence could exist as to the extent of the submission, and what it embraced.

4. It appears that the award in this case, was made upon a submission by parol; that the submission *expressly* excepted the receipts in question, and gave the arbitrators no other power, than to ascertain the amount of damages distinct from the money advanced; they made an award on this submission, this award was the consideration of the endorsement on the contract; the endorsement made upon this consideration could satisfy no part of the claim for money advanced; the defendant had voluntarily separated this claim from the one submitted, and the plaintiff is entitled to this action to recover the money.

New trial not granted.